May it please the Court, my name is Peggy Sue Juergens, and I represent Mr. Karawi in this appeal, and I don't need to leave any time for rebuttal. I, and the facts here are set forth in my brief, and so I'm going to go directly to my argument with the Court's permission. Your Honors, I'd like to spend this morning talking about the second argument in my brief, which is the issue about the mens rea of the statute, 821 U.S.C. 841 C.2. Oh, you have a heavy burden with this. The Joe Hall or Yo Hall case, how do you distinguish that? And Cower. And Cower. What I'd like to address in all those cases, Your Honors, particularly in the Cower case, as I've said in my reply brief, is that we're looking at the instructions that were given here, and in this case, in instruction number 20, we have it's not defined what the reasonable cause part of it is. And according to the Cower case, that reasonable cause to believe should have been defined here in this case. We, from the outset, as you know, defense counsel objected to the statute as being unconstitutional, but as you understand, the Joe Hall case says that it is constitutional. There is a mens rea requirement. What we're using the Cower case to look at here is that the jury instructions that were given left it as an objective standard, because Cower and Joe Hall both have this further instruction for the court to give, which tells the jurors that they should be looking at the facts that were known to the defendant here. And that's what's left out in this case. We don't have an instruction to the jury about what reasonable cause to believe means. And it's our position that that was an element of the offense. It wasn't instructed to the jury. Kagan. I want to just get the procedural posture straight. Okay. At trial, that instruction wasn't requested, correct? It wasn't requested. The focus, Your Honor no proffer was made of an instruction like that. Well, the way that I see what was the jury instructions, what was asked for by the defense and objected to was in jury instruction number 20. And it has that language, reasonable cause to believe. It was objected to as being overly broad, vague, and only using an objective standard. And that, I believe, gives us the opening to discuss that on appeal at this point. And the reasonable cause to believe instruction. Did you raise the jury instruction argument in your opening brief? Your Honor, I believe that I've raised it in the broader sense of how we talked about it. Well, that answered my question more specifically, if you would, please. And that is, was the jury instruction argument argued as a jury instruction question in the opening brief to this Court? Not in the opening brief. It was added in the reply brief. So you have a triple burden here, and that is, apart from the fact that you'd like us to go with the Tenth Circuit instead of the Ninth Circuit law, it seems to me that we're constrained in our review standard because this isn't the jury instruction. And so, and the issue isn't raised in the opening brief, which, under our standard procedural rules, means it would be waived. So if you would first address that. Sure. Well, Your Honor, that's what the government said yesterday in their supplemental information, is that we had waived this. And we respectfully submit that we haven't waived it because it was specifically raised in the district court. It wasn't, it was raised in the essence of the argument in the opening brief about, we're talking about the mens rea. But we don't really deal in essences. We're talking about the mens rea requirement of the statute here. And I believe that the burden that we have is heavy, but in terms of looking at what the jury should be instructed and what the mens rea requirement is here is the reasonable cause to believe was not, instruction was not given to the jury. And we believe that in that element that they should have been instructed on that, Your Honor. And with no, with, since I believe that they were not instructed correctly, Your Honor, we request that the convictions be reversed. I think we have your argument in mind. Thank you. May it please the Court. My name is Sarah Vogel. I'm an assistant United States attorney here in Seattle, and I represent the United States. And I'll jump straight to the second issue. It is our position, as we stated in our letter, that this issue, this allegation of instructional error has been waived. It was not raised in the district court. It was not raised in the opening brief. It was raised only in the reply brief. And, of course, we have no opportunity, we have had no opportunity to respond to that. I would ask if the Court is inclined to consider the issue, would permit the government an opportunity to submit supplemental briefing on the issue. I would also note that in addition to the issue, because it was not raised in the district court and because the defendant never requested that this definition of reasonable cause be given, the standard is plain error. And even in the defendant's reply brief, they do not address how this omission, if it was error, raises to the level of plain error under the facts of this case and the evidence that was introduced. Finally, even if we were to address that issue, my understanding, although, of course, I haven't had the opportunity to brief the issue, my understanding is that when the issue is that a definition of a statutory term was omitted in error from the jury instructions, the test of that is whether the term is one that is within the reasonable comprehension of an average juror. And there is nothing in the defendant's reply brief arguing or suggesting why an average juror cannot understand what reasonable cause to believe means. Further, in the Joe Hall and the Cowork case, those cases simply affirmed the definition that was given. They do not require, at least the way I understand them, they do not require that such a definition be given. And, of course, the primary issue in both of those cases had to do with the meaning of the reasonable cause to believe standard, not so much with whether or not a definition was required to be given in the jury instruction. So for all those reasons, Your Honor, we believe that this issue first should not be considered by the Court. And even if it is, it has – it does not have the merit that the counsel ascribes to it. Would you like me to address the first issue on the expert testimony at all? It appears there's no questions on that point. Thank you. Thank you, Your Honor. The case just argued, United States v. Carrari, is submitted. We'll next hear argument in
judges: B. Fletcher, McKeown, Schwarzer